UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TURNER,<br><br>  Plaintiff,<br><br>v.<br><br>K. WILLIAMS, et al.,<br><br>  Defendants. | Case No.: 20-cv-01643-WQH-DEB<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[DKT. NO. 57]** |

Before the Court is Petitioner Michael Turner's second Motion "requesting coun[s]el." Dkt. No. 57. Plaintiff requests the appointment of counsel due to his (1) "ignorance of the law"; (2) "inability to research legal information to respond to defendants['] legal jargon"; and (3) parole status, which "limits [his] ability to gather evidence." Dkt. No. 57. The Court denied Plaintiff's first request for appointment of counsel (based on "legal ignorance" and missing "legal material") due to lack of exceptional circumstances. Dkt. No. 21.

The Court has carefully reviewed the pleadings and does not find exceptional circumstances support appointment of counsel. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Myers v. Basto*, No. 18-cv-2239-DMS-BLM, 2019 WL 265134, at *1–2 (S.D. Cal. Jan. 18, 2019) (finding plaintiff failed to allege the requisite "exceptional circumstances" warranting the appointment of counsel, where the

plaintiff argued he was unable to afford counsel, had "very limited" access to law library, and "imprisonment [would] greatly limit his ability to litigate properly.").

The Court deduces from Plaintiff's arguments that since his first request, he has been released from custody (likely making his circumstances less limited than while in custody) and Defendants filed a motion for summary judgment (a common filing in litigation). These changed circumstances do not warrant reconsideration. *See Herrera v. Rouch*, No. 13-cv-0289-LJO-MJS, 2014 WL 7004756, at *1 (E.D. Cal. Dec. 11, 2014) (denying a prisoner pro se plaintiff's motion for appointment of counsel as not exceptional when the plaintiff may have not been "well versed in the law," made "serious allegations," and a motion for summary judgment was pending: "[t]his court is faced with similar cases almost daily.").[1] The Court, therefore, DENIES Plaintiff's Motion for appointment of counsel for the reasons stated in its prior order.

**IT IS SO ORDERED**.

Dated:  June 9, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge

---

[1] *See also* CivLR 7.1(i) ("Whenever any motion . . . has been refused in whole or in part . . . and a subsequent motion . . . is made for the same relief in whole or in part upon the same or any alleged different state of facts, . . . each party . . . seeking such relief [must] present . . . an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including . . . what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.").